UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| THOMAS EVENSTAD, and other patients/victims similarly situated: class action MN/USA,<br><br>   Plaintiff,<br><br>v.<br><br>BARACK HUSSEIN OBAMA, KATHLEEN SEBELIUS, MICHELE M. LEONHART, and ERIC HOLDER,<br><br>   Defendants. | File No. 14-cv-626 (JNE/TNL)<br><br>**REPORT & RECOMMENDATION** |

This case is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis ("IFP") as permitted by 28 U.S.C. § 1915(a)(1). (ECF No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied and the action dismissed if the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendants under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts,

which if true, state a claim as a matter of law"). A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's current complaint does not meet this standard.

Plaintiff is attempting to sue the President of the United States, the United States Attorney General, the Secretary of the Department of Health and Human Services, and the Administrator of the United States Drug Enforcement Agency. Plaintiff's complaint does not allege any specific historical facts that show why he is attempting to sue the named Defendants. The complaint is a confusing patchwork of quotations, cartoons, and links to various websites. Plaintiff has not presented a coherent factual narrative. Nor has he identified any specific legal basis for his lawsuit.

Plaintiff's complaint includes repeated references to marijuana, and it seems reasonably clear that he is seeking a judgment that would somehow legalize the use and possession of marijuana for medical purposes (and perhaps for other purposes as well). Plaintiff believes that the various federal and state laws that regulate marijuana are "Anti-American, barbaric, sadistic, [and] unconstitutional" and should be struck down by a federal court decree. (Compl. (ECF No. 1) at 8.)

Federal courts, however, have repeatedly and consistently upheld the constitutionality of laws regulating marijuana. See e.g., United States v. Greene, 892 F.2d 453, 456-57 (6th Cir. 1989) (rejecting constitutional due process and First Amendment challenges to federal marijuana laws, noting that "[e]very federal court that has considered this issue has accepted Congress' determination that marijuana poses a real threat to individual health and social welfare and has upheld criminal penalties for possession and

distribution even where such penalties may infringe to some extent on the free exercise of religion"), cert. denied, 495 U.S. 935 (1990); Dee v. United States, 241 F.Supp.2d 50, 51 (D.Me. 2003) ("It has long been established that use of marijuana is not a fundamental right protected by the Constitution.") (emphasis in the original). Plaintiff has not presented any factual grounds or legal theories that could warrant a different outcome here.

In sum, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted. The Court will therefore recommend that Plaintiff's IFP application be denied and this case be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis (ECF No. 2) be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: April 3, 2014

 S/ Tony N. Leung  
TONY N. LEUNG  
United States Magistrate Judge

*Evenstad et al. v. Obama et al.*  
File No. 14-cv-626 (JNE/TNL)

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis

3

of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **May 2, 2014.**